■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN SIMONETTI.— Motion for leave to prosecute appel *pro se* granted. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■

## (May 3, 1962)

■ In the Matter of the Accounting of MARIE SPANNER, as Administratrix of the Estate of WILLIAM SPANNER, Deceased, Respondent. ALBERT H. TREIMAN, Appellant.— Decree, so far as appealed from, unanimously affirmed, with costs to all parties filing briefs payable out of the estate. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.

■ In the Matter of PETER SANTOS et al., Appellants, v. BURTON S. GOLDSTEIN, an Officer of the New York Society for the Prevention of Cruelty to Children, Respondent.— Order, entered on May 25, 1961 adjudicating that the child "is neglected" unanimously affirmed, without costs. The parents, because of religious convictions, refused to give their consent to a blood transfusion. Operative procedure might have made a transfusion essential for the safety of the child. Such refusal warranted the finding of "neglect" within the meaning of section 2 (subd. [17], par. [g] of the New York City Domestic Relations Court Act (see *People ex rel. Wallace* v. *Labrenz*, 411 Ill. 618, cert. denied 344 U. S. 824). Such finding, however, does not constitute an adjudication that the parents neglected their child in the ordinary meaning of the word. "Neglected" is here used in its legal sense within the meaning of the Domestic Relations Court Act. It in no way imports a finding that these parents failed in their duty to the child in any other respect. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ NOAH T. GREENE, Respondent, v. CHARLES B. FOLKS, as President of Local 431 of International Union of Electrical, Radio and Machine Workers, AFL-CIO, Appellant.— Order entered on November 10, 1961, denying defendant's motion to dismiss the second amended complaint, unanimously affirmed, with $20 costs and disbursements to the respondent. The sole ground advanced was that the matters set forth in the complaint are exclusively within the jurisdiction of the National Labor Relations Board. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ. [33 Misc 2d 91.]

■ In the Matter of GUIDO MOLINO et al., Appellants, v. THEODORE H. LANG et al., Constituting the Department of Personnel and the Civil Service Commission of the City of New York, Respondents.— Order entered on or about December 28, 1961 unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Valente, J. P., Stevens, Eager, Steuer and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALPHONSO PEELE, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Concur — Valente, J. P., Stevens, Eager, Steuer and Bergan, JJ.