Thomas E. McCartney, II, an Infant, by Thomas E. McCartney, His Parent and Natural Guardian, et al., Appellants, v. William R. Austin et al., Constituting the Board of Education of the Maine-Endwell School District, et al., Respondents.

Third Department, March 10, 1969.

*Simmonds & Fauci* (*Salvatore A. Fauci* of counsel), for appellants.

*Thomas & Ray* (*Herbert H. Ray* of counsel), for respondents.

*Louis J. Lefkowitz, Attorney-General* (*Thomas G. Conway* and *Ruth Kessler Toch* of counsel), in his statutory capacity under section 71 of the Executive Law, for affirmance.

Gibson, P. J. The plaintiffs appeal from a judgment entered upon an order of the Supreme Court which granted defendants' motion for summary judgment dismissing the complaint in an action for declaratory judgment that section 2164 of the Public Health Law is unconstitutional. The section thus attacked provides that no child shall be admitted to school without a certificate of his immunization against poliomyelitis, smallpox and measles. The issues tendered by the action, and the proof submitted upon the motion, are well outlined in the compre-

hensive opinion written at Special Term (57 Misc 2d 525) and need not be reiterated.

That statutes of this nature, and section 2164 in particular, are within the police power and thus constitutional generally is too well established to require discussion. (See, e.g., *People* v. *Ekerold,* 211 N. Y. 386; *Matter of Viemeister,* 179 N. Y. 235; *Braunfeld* v. *Brown,* 366 U. S. 599; *Jacobson* v. *Massachusetts,* 197 U. S. 11.)

Although attacking the act generally, plaintiffs have nevertheless repeatedly claimed the benefit of the exemption accorded by subdivision 8 of the section "to children whose parent, parents, or guardian are bona fide members of a recognized religious organization whose teachings are contrary to the practices herein required"; but in one of the affidavits submitted upon the motion plaintiffs effectually negated the application of the exemptive statute and the provisions thereof respecting the "teachings" of their church, the affidavit stating: "Deponent's faith is Roman Catholicism — a faith which does not have any proscriptions against inoculation"; just as one of them had previously stated in a letter to the school authorities that "the Roman Catholic Faith * * * as a part of its doctrine and beliefs, does not condemn or condone medical immunization as required by Section 2164 of the Public Health Law of the State of New York." It is, indeed, indisputably clear that appellants' opposition — whether or not predicated upon their personal moral scruples or upon medical concern — is not upon religious grounds, within the intendment of the statute.

Departing somewhat from the demand for judgment set forth in the complaint, which is addressed to section 2164 in its entirety, appellants advance the additional and alternative argument that if the exemption provided by subdivision 8 is inapplicable to them, then the exemptive provision is discriminatory and otherwise constitutionally invalid under the establishment of religion clauses (U. S. Const., 1st Amdt.) and that guaranteeing the free exercise of religion (N. Y. Const., art. I, § 3); but even if appellants' contentions in these respects were to be approved, it would not follow that they would thereby be benefited, inasmuch as subdivision 8, if void, would have to be found separable from the other provisions of the section, consistently with the saving clause contained in section 5000 of the act; and appellants' argument thus becomes academic.

The judgment should be affirmed, without costs.

REYNOLDS, AULISI, STALEY, JR., and COOKE, JJ., concur.

Judgment affirmed, without costs.