William **MAIER**, individually and on behalf of his minor children, William Maier, Joanna Maier and Deborah Maier, Plaintiffs,

v.

William O. **GOOD**, individually and in his capacity as Principal of Fabius Central School, Doctor Hollis J. Ingraham, individually and in his capacity as Commissioner of the State Department of Public Health, State of New York, and Ewald Nyquist, individually and in his capacity as Commissioner of the State Department of Education, State of New York, Defendants.

No. 70 CV 441.

United States District Court,
N. D. New York.

April 30, 1971.

Onondaga Neighborhood Legal Services, Syracuse, N. Y., for plaintiffs; Charles M. Connelly, Richard A. Ellison, and Hermine Leiderman, Syracuse, N. Y., of counsel.

Kenyon & Ames, Tully, N. Y., for defendant William O. Good; Robert M. Kenyon, Tully, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen., of New York, for defendants Dr. Hollis J. Ingraham and Ewald Nyquist; Ruth Kessler Toch, Sol. Gen., Calvin M. Berger, and John Driscoll, Asst. Attys. Gen., of counsel.

Hinman, Howard & Kattell, Binghamton, N. Y., for The First Church of Christ, Scientist, in Boston, Massachusetts, amicus curiae; A. Lawrence Abrams, and Eugene E. Peckham, Binghamton, N. Y., of counsel.

New York Civil Liberties Union, Syracuse, N. Y., amicus curiae; Thomas J. Maroney, Syracuse, N. Y., of counsel.

Before FEINBERG, Circuit Judge, FOLEY, Chief Judge, and PORT, District Judge.

FEINBERG, Circuit Judge:

This is an action brought by plaintiffs, William Maier and his three minor children, for injunctive and declaratory relief because defendant William O. Good, principal of Fabius Central School, barred the children from school for failure to satisfy the New York mandatory immunization statute. N.Y. Public Health Law, McKinney's Consol. Laws, c. 45, § 2164. Plaintiffs contend that this violates their rights under the first and fourteenth amendments and base jurisdiction on 42 U.S.C. § 1983. 28 U.S.C. § 1343(3), (4). Also named as defendants are Hollis J. Ingraham, Commissioner of the New York State Department of Public Health, and Ewald Nyquist, Commissioner of the New York State Department of Education. In December 1970, Judge Edmund Port of the United States District Court for the Northern District of New York signed a temporary restraining order enjoining defendant Good from barring plaintiff children from attending school. In January 1971, a three-judge court was designated pursuant to 28 U.S.C. §§ 2281, 2284. Briefs were submitted and a hearing was held in February before the three-judge court. For reasons explained below, we abstain from taking further action in the case but retain jurisdiction pending appropriate state proceedings.

In order to be admitted to a school within New York State, a child must be immunized against various diseases.[1]

1. N.Y.Public Health Law § 2164 provides, in relevant part:

2. Every person in parental relation to a child in this state shall have administered to such child an adequate dose or doses of an immunizing agent against poliomyelitis, smallpox, measles and rubella * * *.

\* \* \* \* \*

5. The physician who administers such immunizing agent against poliomyelitis, smallpox, measles and rubella

This requirement does not apply, however, to children of parents who are "bona fide members of a recognized religious organization whose teachings are contrary to" immunization. N.Y.Public Health Law § 2164(8). While plaintiff children have not been so immunized, they attended Fabius Central School, in Fabius, New York, without apparent incident until December 1970. At that time, however, the school informed Maier that his children would be barred unless they complied with the immunization requirement or fell within the religious exemption. In an affidavit submitted to the school officials, Maier stated that he believed that tenet of the Christian Science Church which "held that the sanctity of the human body cannot be violated by injection" and that he, therefore, qualified for the religious exemption. He further stated that:

> Although I am not a formal member of the Christian Science Church, my religious beliefs are bona fide, and I am therefore a "member."

Principal Good concluded that this did not satisfy the statute and, in a letter to Maier, stated that the children were "excluded from school until such time as the certificate of immunization or membership in a bona fide religious organization" whose beliefs prohibited immunization was provided.

 At this juncture, plaintiffs commenced their suit. They do not contest the constitutionality of the mandatory immunization required by section 2164, but rather challenge the constitutionality of the religious exemption granted in subsection 8. Plaintiffs assume that the statute grants the exemption only to formal members of religious organizations and argue that on its face and as applied to them it violates the establishment clause of the first amendment and the equal protection clause of the fourteenth. Recognizing that if we were to enjoin the operation of subsection 8 as unconstitutional, the immunization requirement would still apply to them, plaintiffs urge us to construe that subsection so as to include them within its scope. We conclude, however, that this case is a proper one for the court to exercise its discretion to abstain from deciding these constitutional issues. We do so on two grounds. First, there are possibly controlling issues of state law that should be decided in the first instance by the state courts. Second, plaintiffs have not attempted to exhaust available administrative remedies.

While abstention in cases involving civil rights is not encouraged, it is proper in "narrowly limited" special circumstances. Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). In this case, plaintiffs challenge the religious exemption on the grounds of under-inclusiveness. We believe that the New York statute is susceptible to "a construction by the state courts that would avoid or modify the constitutional question." Id. at 249, 88 S.Ct. at 396. See also Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L. Ed.2d 196 (1971); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed. 2d 68 (1970); Coleman v. Ginsberg, 428 F.2d 767 (2d Cir. 1970). The statute is a relatively new one, enacted in 1966, and its application on facts similar to those in this case has not been ruled upon by the New York courts. Therefore, it is not clear whether the school's requirement that Maier submit a certificate of membership from a Christian Science church was authorized under the statute or the applicable regulation. Nor, if a certificate is not required, is it clear that Maier's affidavit quoted above

---

to any such child shall give a certificate of such immunization to the person in parental relation to such child.

6. No principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school without the certificate provided for in subdivision five of this section or some other acceptable evidence of the child's immunization against poliomyelitis, smallpox, measles and rubella.

is not sufficient to satisfy the statute and the regulation, since the former apparently only requires the parent to be a "bona fide" member of a religious organization with the specified teachings, and the latter apparently only requires a written statement from the parent that he is a bona fide member.[2] These are questions of state law and, if decided in plaintiffs' favor, would avoid the constitutional issues entirely.[3]

Moreover, plaintiffs have not attempted to exhaust their available state administrative remedies and we abstain for this reason as well. Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969). New York law provides that principal Good's decision is reviewable on petition to the State Commissioner of Education. N.Y. Education Law, McKinney's Consol. Laws, c. 16, §§ 310, 311. Plaintiffs contend that such administrative appeal is futile, pointing to a Memorandum of the State Department of Education issued in 1966 that opposed any exemption from the mandatory immunization statute[4] and to the presence of Commissioner Nyquist as a defendant in this suit. We disagree. The Memorandum was issued while section 2164 was still proposed legislation and bears little weight as to how the Commissioner would interpret the statute as enacted. While the Commissioner is a defendant here, he has not indicated that he would uphold principal Good's interpretation of the statute. Compare Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968).[5]

Accordingly, we abstain from deciding the constitutional issues presented here. Rather than dismiss the complaint, however, we retain jurisdiction and merely stay these proceedings pending state resolution of plaintiffs' complaint. Zwickler v. Koota, supra, 389 U.S. at 244–245 n. 4, 88 S.Ct. 391; Coleman v. Ginsberg, supra, 428 F.2d at 770. We continue the stay prohibiting plaintiff children from being barred from school but grant leave to defendants to make an application to vacate the stay in the event that plaintiffs' state remedies are not pursued diligently.

Order to be submitted in accordance herewith if consented to, otherwise to be settled on five days notice.

---

2. 10A N.Y.C.R.R. § 66.3(d) provides that: Requirement for school admission. A principal, teacher, owner or person in charge of a school shall not permit a child to be admitted to such school unless a person in parental relation to the child furnishes the school with one of the following:

\* \* \* \* \*

(d) a written statement subscribed and affirmed as true by a parent or guardian of the child that the parent or parents or guardian is a bona fide member of a specified recognized religious organization whose teachings are contrary to the administration of immunizing agents against poliomyelitis, smallpox, measles and rubella.

3. Plaintiffs cite to us McCartney v. Austin, 57 Misc.2d 525, 293 N.Y.S.2d 188 (Sup.Ct.1968), aff'd, 31 A.D.2d 370, 298 N.Y.S.2d 26 (App.Div.3d Dep't.1969), and In re Elwell, 55 Misc.2d 252, 284 N.Y.S.2d 924 (Family Ct.1967). However, these cases did not decide the issues referred to above but went off on the ground that the opposition to vaccination was not based upon "religious" grounds.

4. 2 McKinney's 1966 Session Laws of New York 2965.

5. At the hearing we suggested that plaintiffs' attorney take an administrative appeal to the Commissioner of Education. Apparently, this has not been done.