Per Curiam.

In affirming the qualified' court. direction to operate on the then 15-year-old child over the mother’s religious objections, two observations only need be added to the exhaustive opinion at the Family Court. The holding by this court in Matter of Seiferth (309 N. Y. 80) did hot limit to drastic or mortal circumstances the statutory power of the Family Court or like court in neglect proceedings to .order.necessary surgery. In the Seiferth case the court was obliged to choose between the findings of the Children’s Court and that of the Appellate Division on how best to exercise a court’s discretionary powers in the circumstances.' There was no disagreement over power, and that case, like this, involved a serious physiological impairment which did not threaten the physical life or health of the subject or raise the risk of contagion to the public. Indeed, the opinions in that case impliedly or expressly- recognized the court’s power to direct surgery even in the absence of risk to the physical health or life of the subject or to the public. Nor does the religious' objection to blood transfusion present a bar at least where the transfusion is necessary to the success of required surgery (Matter of Santos v. Goldstein, 16 A D 2d 755, mot. for lv. to app. dsmd. 12 N Y 2d 672; State v. Perricone, 37 N. J. 463; People ex rel. Wallace v. Labrenz, 411 Ill. 618 [Schaefer, J.], cert. den. 344 U. S. 824; Ann., Infants —Compulsory Medical Care, 30 ALR 2d 1138; cf. Prince v. Massachusetts, 321 U. S. 158, 166-167). What doubt there may have been was laid to rest by the case oí Jehovah’s Witnesses in State of Wash. v. King County Hosp. (390 U. S. 598, affg. 278 F. Supp. 489, rehearing den. 391 U. S. 961).
The order of the Appellate Division should be affirmed, without costs.
Chief Judge, Fuld .and, Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Order affirmed.