Melvyn **KAUFMAN** et al.,
Plaintiffs,

v.

John T. **O'HAGAN**, Commissioner of the Fire Department of the City of New York, et al., Defendants.

No. 75 Civ. 450.

United States District Court, S. D. New York.

Sept. 4, 1975.

Edward R. Sullivan, New York City, for plaintiffs.

W. Bernard Richland Corp. Counsel, New York City, for defendants by Joseph Halpern, Renee Modry, Joseph I. Lauer, New York City, Marvin B. Mitzner, Brooklyn, N. Y., of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiffs seek declaratory and injunctive relief against a New York City ordinance, Local Law 5–73, and the regulations under which it is enforced. N.Y.C. Admin.Code ch. 26, § 643a–8.0, ch. 19, § 488–1.0. They also seek to enjoin presently pending prosecutions against several of the plaintiffs for violations of the questioned provisions in New York City Criminal Court. A request has also been made for the convening of a three-judge court. For the reasons set forth below, I must abstain from deciding the merits of this case until all state proceedings are completed.

■ Plaintiffs' request for the convening of a three-judge court pursuant to 28 U.S.C. § 2281 is denied at this time. In *Reilly v. Doyle*, 483 F.2d 123 (2d Cir. 1973) plaintiffs sought declaratory and injunctive relief to prevent enforcement of a local ordinance which was the subject of a then pending criminal action against them. The district court denied their request for a three-judge panel. In affirming, the Court of Appeals relied on two grounds: first, a challenge to a municipal ordinance did not require the summoning of a three-judge court, *Moody v. Flowers*, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); and second, the pendency of state court proceedings warranted abstention until their completion, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Both considerations apply with equal force to the case at hand and accordingly, this request must be denied.

In 1970, following the death of five individuals in two Manhattan high-rise office buildings, the City of New York undertook a thorough reexamination of its fire regulations for buildings of that type. The result was Local Law 5–73 effective January 18, 1973. The ordinance requires among other things the filing of a fire safety plan, designation of certain building employees to act in fire safety capacities, partitioning of open floor space into smaller units separated by fire resistant partitions, a fire command station, including a two-way communication system to operate between the main floor and all other floors and elevators, and one of a number of alternate systems to provide for smoke and heat venting. An amendment to the ordinance effective June 2, 1975 provides additional alternatives to the building owner and extends certain of the time periods for compliance.

Plaintiffs who are building owners, tenants, fire safety directors and wardens, and a building manager challenge the original enactment on the grounds that it exceeds the valid police powers of the City, that the burden imposed constitutes a confiscation of property without due process, that the law is irrational and vague and thus violates due process, that it denies them equal protection of the laws, that its application to existing buildings constitutes an ex post facto law, that the ordinance improperly delegates the state's and city's powers, and that the required appointment of a fire safety director and others amounts to involuntary servitude.

■ In my opinion, this case is appropriate for the application of the abstention doctrine. Although the doctrine is to be used cautiously in cases alleging deprivation of civil rights, *Zwickler v. Koota*, 389 U.S. 241, 247–52, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), this case presents "special circumstances" which calls for its operation.

First, there are a number of "unresolved question[s] of state law the decision of which may 'avoid or modify' several constitutional questions . . . ." *Coleman v. Ginsberg*, 428 F.2d 767, 770 (2d Cir. 1970). The plaintiffs allege that the statute is so vague and ambiguous as to be unconstitutional. However, the regulations in issue have not to my knowledge been interpreted by any state court. A decision narrowing and defining any ambiguities in the regulations could eliminate this alleged constitutional infirmity. *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). The complaint also alleges that the statute unconstitutionally delegates legislative power to the fire and building commissioners and police power to private citizens. These allegations raise issues under state law only. The delegation question is a product of separation of powers under the federal constitution and does not limit a state in the delegation of its own authority. *Snell v. Wyman*, 281 F.Supp. 853, 864 (S.D.N.Y. 1968) (three-judge court), *aff'd* 393 U.S. 323, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969).

The second compelling reason for abstention is that this case will result in the "possible disruption of complex state administrative processes . . . ." *Zwickler v. Koota*, 389 U.S. 249 n. 11, 88 S.Ct. 396. Under § 666 of the City Charter the Board of Standards and Appeals is empowered:

> "In passing upon appeals, to vary or modify any rule or regulation or the provisions of any law relating to the construction, use, structural changes, equipment, alteration or removal of buildings or structures . . . where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the law, so that the spirit of the law shall be observed, public safety secured and substantial justice done . . . ."

*Id.* § 666(7). The Board may also reverse or modify the determination of the commissioners when appealed. *Id.* § 666(6). Thus, plaintiffs have failed to exhaust this important administrative remedy which could result in granting much of the relief sought. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed.2d 638 (1938).

While it is argued that constitutional challenges are not open to the plaintiffs when before the Board, this argument misses the point. The broad constitutional attack against this law centers around questions of rationality and vagueness. At this point, there is no way of knowing the extent to which this ordinance will be applied to the plaintiffs. Plaintiffs may not "turn their backs on state administrative remedies and rush into a federal forum, whether their actions fall under the Civil Rights Act or come under general federal question jurisdiction." *Eisen v. Eastman*, 421 F.2d 560 (2d Cir.), *cert. denied*, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); *see also Maier v. Good*, 325 F. Supp. 1268 (N.D.N.Y.1971).

The third special circumstance mandating abstention is the existence of the pending state court prosecutions against six of the plaintiffs for "failure to comply with Fire Commissioner's Order" based on Local Law 5–73. Under the extension of the abstention doctrine announced by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). Thus, a "showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief" must be made. *Younger v. Harris*, 401 U.S. at 54, 91 S.Ct. at 755. A careful examination of the record reveals no circumstances which would require interference with the state court prosecutions at this stage.

Having decided to abstain from the merits of the controversy, the question

still remains whether the action should be dismissed or jurisdiction retained pending outcome of state proceedings. The Supreme Court has described retention of jurisdiction in abstention cases as "the better practice." *Zwickler v. Koota,* 389 U.S. at 244 n.4, 88 S.Ct. 391 (1967); *see also Reid v. Board of Educ.,* 453 F.2d 238 (2 Cir. 1971). Accordingly, the matter will be placed on the suspense calendar for a period of one year from the date hereof with the parties directed to report to this Court at that time the status of all relevant state proceedings.

It is so ordered.