William Berman, J.
This neglect petition by the Commis *847 sioner of Social Services of the City of New York alleges that the respondent mother has refused to provide her children, Gregory age 16, Steven, 14 and Shawn, 10 with adequate medical and dental care.
There is no dispute as to the facts. Respondent contends that she is a member of the Church of God and Christ, and that it is her "religious belief * * * that God or Jesus” will help her children without the assistance of doctors or dentists. That is the religious belief of her church and if it were not so, it would be her personal belief. She refuses to take her children for examinations or treatment because of a "vow” she made with the Holy Ghost 10 years ago. However, if her children wanted to go on their own, she would not prevent them.
It was admitted that a school doctor who examined Gregory found him to be suffering from an umbilical hernia, cavities and "fractured teeth”, and that respondent refuses to permit any medical or dental care for this child. Respondent mother also refuses to permit an examination by a doctor or dentist of the children, Steven or Shawn, who have not had one for at least five years.
There is no issue as to the respondent mother’s sincerity in her religious belief, and this court accepts her belief as she stated it to be.
The mother contends that the constitutional guarantee of freedom of religion is here applicable by virtue of the fact that the physical conditions of the children are not so serious either physically or psychologically as to require State intervention.
The Constitutions of the United States (1st Arndt) and of the State of New York (art 1, § 3) guarantee the free exercise of religion without discrimination or preference to all, but such freedom shall not justify practices inconsistent with the peace and safety of the State. Even when parents’ actions are in accord with religious convictions, they are not free from legislative restrictions where the actions pose some substantial threat to public safety, peace or order, or the health and welfare of a child. (Wisconsin v Yoder, 406 US 205, 230.) The inherent power of the State to exercise control over the religious activities of a child takes precedence over a parent’s right to the exercise of religious beliefs which are inconsistent with the health and welfare of the child. (Prince v Massachusetts, 321 US 158.)
*848 Section 1012 of the Family Court Act states in part that a neglected child (subd [f]) is one under 18 years of age (par i) whose physical condition has been impaired as a result of the failure of the parent to exercise a minimum degree of care (cl [A]) by supplying said child with medical, dental, optometrical or surgical care. It is to be noted that the statute does not speak of emergency cases only.
In Matter of Sampson (29 NY2d 900, 901) the court stated: "The holding by this court in Matter of Seiferth (309 N.Y. 80) did not limit to drastic or mortal circumstances the statutory power of the Family Court * * * in neglect proceedings to order necessary surgery * * * There was no disagreement over power, and that case, like this, involved serious physiological impairment which did not threaten the physical life or health of the subject.”
In Zett — Edmonds—Buttrey—Kaufman, New York Civil Practice (vol 12A, § 31.04, subd [6]), citing Matter of Sampson, the authors state: "Court intervention may be justified not only where there is an emergency, but also whenever medical intervention will have a beneficial effect.”
The Public Health Law (§ 2164) requiring immunization of a child to attend school does not interfere with a party’s freedom of worship. (McCartney v Austin, 57 Misc 2d 525, affd 31 AD2d 370.)
In Matter of Santos v Goldstein (16 AD2d 755, mot for lv to app dsmd 12 NY2d 642) the refusal to give consent to a blood transfusion essential for the safety of the child constituted neglect.
Accordingly this court, hereby based on the above, finds neglect in this case.
The finding of the neglect is made in the limited sense herein stated, and it is not to be considered that the mother has failed in her duties to the children in any other respect (Santos v Goldstein, supra).
Notice of this decision and the order to be entered herein by the clerk is to be sent to the Corporation Counsel, the respondent, the attorney for the respondent and the Law Guardian.
An investigation of this matter is ordered by the Bureau of Child Welfare, and a written report shall be made thereon to the court. This investigation shall include a physical examination of each child which shall include as well an examination by a dentist.
*849 This matter is to be scheduled for March 15, 1976 for said report and any required action thereon by the court.