In the Matter of EASTERN NEW YORK YOUTH SOCCER ASSOCIATION et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION, INC., et al., Appellants.

Third Department, April 25, 1985

**APPEARANCES OF COUNSEL**

*McGivern, Shaw & O'Connor* (*Ronald R. Shaw* of counsel), for appellants.

*Rebell & Krieger* (*Michael A. Rebell* and *Roberta G. Koenigsberg* of counsel), for respondents.

## OPINION OF THE COURT

MIKOLL, J.

The issue before us is whether Special Term properly held that a rule of respondent New York State Public High School Athletic Association, Inc. (hereinafter respondent), was arbitrary and capricious as applied to outside soccer competition and in violation of the US Constitution, 1st, 9th and 14th Amendments, in that it invades a constitutionally protected sphere of family decision making. Respondent was enjoined by Special Term from enforcing the rule.

█ We note initially that although Special Term awarded declaratory judgment relief, the action was not so denominated. The relief sought herein involves a broad-based constitutional challenge to a rule of general applicability and, therefore, is appropriately the subject of declaratory relief (*see, Solnick v Whalen,* 49 NY2d 224, 231-232). The certification of a class was thus unnecessary. Pursuant to the authority of CPLR 103 (c), we convert this action to one for a declaratory judgment.

This controversy arose out of respondent's reimposition of its outside competition rule, whose amended version is the subject of this dispute. It forbade, under threat of loss of eligibility, a student's participation in several nonschool sport contests once the student had participated in the first interschool contest of any of the enumerated sports, including soccer.

The challenge to the rule comes from Eastern New York Youth Soccer Association, which is a corporation comprised of soccer clubs which provide training and competition to children from 5 to 18 years of age, the Board of Education of the Half Hollow Hills Central School District of Huntington and Babylon, and soccer-playing students and their parents. Petitioners urge that the outside competition rule, either as originally written or as amended, unconstitutionally interferes with parental rights to control the upbringing of children, including the right to determine whether the children can physically and academically contend with participation in school and nonschool athletic competition.

█ While parents have a right to bring up their children as they see fit, the right is not free from legislative restrictions (*see, Wisconsin v Yoder,* 406 US 205, 230; *see also, Parham v J.R.,* 442 US 584, 604; *McCartney v Austin,* 31 AD2d 370). The instant rule does not interfere with parental privacy rights. The choice of whether to participate in school or nonschool teams remains with the parents and their children.

The other aspect of the issue, however, has to do with the obligation of public school officials to protect the well-being of their students (*see, Kampmeier v Nyquist,* 553 F2d 296, 300). Respondent's concern that students not overtax themselves is a legitimate interest and the outside competition rule is rationally related to that concern (*see, Matter of Caso v New York State Public High School Athletic Assn.,* 78 AD2d 41, 48-49).

Similarly, we find no merit in petitioners' contention that the rule is in violation of equal protection because it does not cover all sports. No suspect class is involved here. Respondent could have rationally concluded that there is less competition in school for sports not covered or that noncovered sports do not consume too much of the students' time. "[E]qual protection does not require that all classifications be made with mathematical precision" (*Matter of Tolub v Evans,* 58 NY2d 1, 8, *appeal dismissed* 460 US 1076).

Petitioners' challenge to respondent's authority to promulgate the outside competition rule was not argued before Special Term, nor is it contained in their petition. Accordingly, we decline to address the issue beyond noting that we deem the contention without merit. Respondent is a voluntary association of various school districts and it is these school districts which are exercising their authority jointly within appropriate guidelines (*see,* 8 NYCRR 135.4). Petitioner Half Hollow Hills Central School District is a member of respondent and is free to disassociate itself from that association, thus freeing itself from conformity with the rule.

MAIN, J. P., WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, matter converted to a declaratory judgment action and it is declared that respondents' outside competition rule is valid.