OPINION OF THE COURT
Helen E. Freedman, J.
In this medical malpractice action, defendants move for partial summary judgment, under CPLR 3212, dismissing the cause of action for lack of informed consent.
The movants claim that no such cause of action could possibly lie where the parents of an infant plaintiff consent to surgery after having been correctly informed that the surgery was essential for the child to survive. Plaintiffs oppose the motion, claiming that although they were informed that the child needed the surgery to survive and that with the surgery, she still only had a 10% chance of survival, they were not informed that severe brain damage might result from the surgery. Thus, they claim they were never afforded an opportunity to make an informed decision.
The undisputed facts are as follows. The infant plaintiff, Donna Joswick, was born on May 23, 1968 with a congenital abnormality involving transposition of the aorta with the pulmonary artery. This condition causes blood to circulate into the body through the aorta without first being oxygenated. Soon after the child’s birth, the parents were made aware that the transposition was a serious condition and that by the age of six, plaintiff would be forced to undergo a dangerous operation known as a "mustard procedure” in order to survive.
Plaintiff did undergo the "mustard procedure”, the operation that is the subject of this lawsuit, when at approximately 3 Vi years of age, she was admitted to Lenox Hill Hospital following the appearance of spots on her arms and legs.* The parents were informed in discussions with defendant doctors that the spots were due to internal bleeding and that the "mustard” procedure was necessary for the child to survive for more than a week. The parents acknowledge that they were informed that the infant plaintiff had only a 10% chance of surviving the surgery, and that they wanted whatever possible chance the surgery would offer.
Despite the odds, plaintiff Donna Joswick survived the *297 surgery, which apparently corrected her congenital heart problem. The plaintiffs maintain, however, that the infant became severely retarded following the operation, that the retardation was causally connected to the surgery, and that they were never informed that neurological damage was a possible outcome of the "mustard” procedure.
To establish a cause of action for lack of informed consent, a plaintiff must demonstrate first that he was not informed of a known risk of the procedure, second, that "a reasonably prudent person in the patient’s position would not have [consented to] the treatment * * * if he had been fully informed and [third] that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought.” (Public Health Law § 2805-d [3].) Where, as here, the patient is an infant, a parent or guardian has the right to consent to the child’s medical treatment. (Public Health Law § 2504 [2].)
In the instant case, the infant’s mother previously testified specifically that she was willing to submit her daughter to surgery for "whatever possible chance the surgery would offer” her child. She acknowledges that she was told her child had only a 10% chance of survival, but denies that she was told anything about possible brain damage. The child did survive and her parents are now in the anomalous position of claiming that they would not have consented to surgery if told that she might be brain damaged even though failure to consent would have resulted in certain death. Assuming, arguendo, that brain damage was a known risk of the procedure, this argument, which approaches a "wrongful life” claim, belies common sense. It is particularly unpersuasive in view of Mrs. Joswick’s statement that she wanted her child to have whatever chance she could get. When considered in light of the second test under the informed consent statute, namely, that for a party to recover, it must be established that a reasonable person in plaintiff’s position would not have consented to the procedure, the cause of action here cannot possibly be sustained.
Moreover, a parent may not deprive a child of lifesaving treatment, where the only alternative is certain death. (Matter of Storar, 52 NY2d 363 [1981], cert denied 454 US 858 [1981]; Matter of Sampson, 29 NY2d 900 [1972]; Matter of Santos v Goldstein, 16 AD2d 755 [1st Dept 1962], lv dismissed 12 NY2d 672 [1962].) Since, in the instant case, the defendants’ assertion that without the "mustard” procedure, Donna Jos wick would have died is not challenged and since no *298 alternative treatment existed, the defendants would have been required to obtain a court order to perform the operation even without the parents’ consent. (Matter of Storar, supra.) Thus, the lack of informed consent could not have been the proximate cause of any injury.
For all of the foregoing reasons, the motions by defendants Lenox Hill Hospital and Doctors Gucci, Wallsh, Franzone and Lepko to dismiss plaintiffs’ cause of action for lack of informed consent are granted.

 Prior to the operation that is subject of this lawsuit, the infant plaintiff underwent three surgical procedures, which temporarily alleviated critical oxygen deprivation caused by the transposition.