[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION #113 FOR A MENTAL HEALTH EVALUATION
The plaintiff seeks to have his own expert psychiatrist and/or psychologist evaluate the defendant and the minor children, issue of the marriage, for purposes of producing an opinion with respect to the custody and visitation issues surrounding those minor children.
The defendant claims that the valuation would be duplicative of an investigation already ordered by this court pursuant to Conn. Gen. Stat.46b-6. The defendant claims further that any evaluation would compromise the defendant's right to privacy.
Needless to say, neither of the parents, through counsel, have argued to this court the necessity of involving the minor children. They assume that because the parents of these children are locked in a bitter struggle, they have the right to engage those children in that struggle. This court finds that they do not have that right.
This court has the discretion to order either or both parties to cooperate with a psychiatric or psychological evaluation requested by the opposing spouse, when it appears that that is an issue in the case.
Clearly, from matters already heard on this record, the defendant's mental health status is an issue. Of concomitant concern for the court is the plaintiff's understanding of her disorder, his ability to deal with it, as well as his insight in dealing with children who may or may not be genetically disposed to or at risk for the same disorder, if a diagnosis is ever agreed upon by the respective experts who have already been heard by this court.
It is apparent from the record that defendant has waived any claim of privacy. Her treating psychiatrist testified at length concerning her mental health history and current treatment.
The plaintiff's motion, insofar as it requests a mental health evaluation of the defendant is granted.
The motion as it pertains to the minor children is denied without CT Page 3138 prejudice. The record is not clear that the children must be involved in the evaluation of whether or not the parents will meet the developmental needs of the children.
The childrens interests are being dealt with by the appointment of counsel for the minor children, and by the court's ordering an investigation by Family Services. Until such time that this court is presented with evidence that the children are critical components of an evaluation by interested expert witnesses hired by one of the parents, there has not been demonstrated or argued to this court, any reason why their young lives should be interfered with. The adult disputes occurring between their parents may remain there, until further order of this court.
All of the family cases cited by the parents in their briefs deal with the use of mental health evidence at trial and the use of that evidence by the trier of fact in weighing what is in the "best interests of the child."
Nothing in those cases deals directly with the issue that presents itself to this court — that is, must the children of divorcing parents be forced to undergo repetitive evaluations to facilitate their parents desire to "make their case" for custody of the children.
While there has been a recognized right of a biological parent to raise his or her child, Hao Thi Popp v. Lucas, 182 Conn. 545 (1980), citing In Re Juvenile Appeal (Anonymous), 177 Conn. 648, 662 (1979), parents are not at liberty to abuse or neglect their children. Likewise, medical treatment has been ordered for minor children despite the objection of the parents on religious grounds. See In Re Sampson, 29 N.Y.2d 900, (1972); Jehovah's Witnesses v. King County Hosp., 278 F. Sup. 488, affirmed309 U.S. 598 (1968).
While there is not yet a constitutional protection afforded to children, the court is not without the power to supervise through this motion process how children are impacted by their parents' divorce. Court's are beginning to, and do accept, the autonomy of a child.
The issue of evaluating the parents and their ability to parent can be accomplished without extreme involvement of the children themselves.
In a case such as this, where there are two separate attorneys for each parent, it is clear to the court that these parents have already made a decision to do battle over adult issues. In such a, Battle, the children will inevitably lose. Clearly, what is in their best interests would be an acceptance by both parties of the inevitability of this major life change, and an adult commitment to foster the growth of these children.
The children have the right to an unencumbered relationship with each parent. The children have a right to go about their lives with the CT Page 3139 least intrusion by their waring parents. This time of their life is difficult enough for them at their very young age. They are not able to understand their parents' conflict, did not cause it, and are subject of court action because of their parents decision to divorce.
Under the present circumstances, the court finds no further need for an evaluation of the children.
DRANGINIS, J.