11-3431-cv
Caviezel v. Great Neck Pub. Sch.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand twelve.

PRESENT:  REENA RAGGI,
             PETER W. HALL,
             SUSAN L. CARNEY,
                 *Circuit Judges*.

------------------------------------------------------------------------

MARTINA CAVIEZEL, ANDREAS SCHENK CAVIEZEL, Individually and as Parents and Natural Guardians of CC,

             *Plaintiffs-Appellant*s,

           v.                           No. 11-3431-cv

GREAT NECK PUBLIC SCHOOLS, A/K/A GREAT NECK UNION FREE SCHOOL DISTRICT, DEBBIE SHALOM, in her official capacity as Principal, Parkville School Early Childhood Center, THOMAS P. DOLAN, in his official capacity as Superintendent of Schools, NEW YORK STATE EDUCATION DEPARTMENT, DAVID STEINER, in his official capacity as Commissioner of Education,

             *Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    JONATHAN VICTOR (Patricia Finn, *on the brief*), Law Office of Patricia Finn Attorney, P.C., Piermont, New York.

APPEARING FOR APPELLEES:    JOSEPH W. CARBONARO, Frazer & Feldman, LLP, Garden City, New York, *for* Great Neck Union Free School District, Principal Debbie Shalom, Superintendent Thomas P. Dolan.

DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, *on the brief*), *on behalf of* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York, *for* New York State Education Department, Commissioner David Steiner.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 27, 2011, is AFFIRMED.

Plaintiffs Martina and Andreas Schenk Caviezel sued defendants under federal and state law for denying them a religious exemption from the New York requirement that they have their children vaccinated as a condition of their attendance of public schools. See N.Y. Pub. Health Law § 2164(7), (9). In three carefully reasoned opinions, the district court ruled that (1) the Caviezels were not entitled to preliminary injunctive relief because they failed, at a hearing, to demonstrate a likelihood of success on the merits, i.e., that their opposition to vaccination was based on "genuine and sincere religious beliefs which prohibit vaccinations," Caviezel v. Great Neck Pub. Sch., 701 F. Supp. 2d 414, 430 (E.D.N.Y. 2010);

2

(2) dismissal was warranted of the Caviezels' First Amendment free exercise claims, as well as of their Fourteenth Amendment equal protection and due process claims, see id., 739 F. Supp. 2d 273, 282 (E.D.N.Y. 2010); and (3) summary judgment was warranted in favor of defendants on the Caviezels' pendent claim for a religious exemption under N .Y. Pub. Health Law § 2164(9), see id., 814 F. Supp. 2d 209 (E.D.N.Y. 2011).

We review the challenged dismissal of constitutional claims de novo, accepting all material factual allegations as true and drawing all permissible inferences in plaintiffs' favor. See Commack Self-Serv. Kosher Meats, Inc. v. Hooker, 680 F.3d 194, 203 (2d Cir. 2012). We also review de novo an award of summary judgment that denies injunctive relief.  See Noel v. N.Y.C. Taxi & Limousine Comm'n, 687 F.3d 63, 68 (2d Cir. 2012).  Insofar as these rulings were informed by factual assessments made by the district court after the preliminary injunction hearing, we review challenges to that factfinding only for clear error.  See City of New York v. Golden Feather Smoke Shop, Inc., 597 F.3d 115, 120 (2d Cir. 2010).[1]  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] No party to this appeal challenges the district court's conclusion that, because it would be the ultimate factfinder at trial, its resolution of factual disputes at the preliminary injunction hearing properly informed its summary judgment assessment, subject to any further evidence adduced by the parties.  See Caviezel v. Great Neck Pub. Sch., 814 F. Supp. 2d at 213.  Thus, we have no reason to consider that ruling here.

1.      First Amendment, Equal Protection, and State Law Claims

The Caviezels' challenges to the dismissal of their First Amendment and equal protection claims and the award of summary judgment on their state law exemption claim fail to clear the common hurdle erected by the district court's factual finding, made after the preliminary injunction hearing, that they failed credibly to demonstrate "that they hold genuine and sincere religious beliefs which prohibit vaccinations." Caviezel v. Great Neck Pub. Sch., 701 F. Supp. 2d at 430; see also id., 814 F. Supp. 2d at 213 (referencing preliminary injunction findings in awarding summary judgment to defendants). That finding precludes a viable claim that they have been injured in the free exercise of religion or that the government treats sincere religious beliefs disparately in violation of the Equal Protection Clause. See Mason v. Gen. Brown Cent. Sch. Dist., 851 F.2d 47, 54 (2d Cir. 1988). It also necessarily defeats a claim to a religious exemption from vaccination pursuant to N.Y. Pub. Health Law § 2164(9).

While the Caviezels take exception to this critical finding, to the extent the finding rests on the district court's firsthand observation of the witnesses, as well as its careful identification of evidence inconsistent with the proffered religious beliefs, we identify no clear error. See International Soc. for Krishna Consciousness, Inc. v. Barber, 650 F.2d 430, 441 (2d Cir. 1981) (commenting that sincerity of professed religious belief may be undercut by "extrinsic evidence" of conduct "inconsistent with that belief"); United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008) (noting "particularly strong deference" accorded district

4

courts' credibility determinations); see also United States v. Jones, 531 F.3d 163, 171 n.4 (2d Cir. 2008) (recognizing that district courts routinely "work with the benefit of insights and judgments . . . into persons" appearing before them not conveyed by record).

Further, the district court appropriately concluded that conclusory discovery produced after the preliminary injunction hearing did not equate to admissible evidence raising triable issues of fact. See Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) (requiring party resisting summary judgment "to come forward with materials envisioned by [Fed. R. Civ. P. 56], setting forth specific facts showing that there is a genuine issue of material fact to be tried," rather than "conclusory statements" and "mere assertions").

Accordingly, judgment was properly granted for defendants on the Caviezels' First Amendment, equal protection, and state law claims.

2.    Due Process

In the absence of a viable First Amendment claim, the Caviezels' substantive due process challenge to New York's immunization requirement is defeated by Jacobson v. Massachusetts, 197 U.S. 11, 26 (1905) (rejecting challenge to smallpox vaccination mandate). Accord Zucht v. King, 260 U.S. 174, 176 (1922) (relying on Jacobson in rejecting facial challenge to public school inoculation requirement); McCartney v. Austin, 31 A.D.2d 370, 371, 298 N.Y.S.2d 26, 27 (3d Dep't 1969) ("That statutes of this nature, and section 2164 in particular, are within the police power and thus constitutional generally is too well established to require discussion." (citing Jacobson)).

5

Although the Caviezels argue that Jacobson was wrongly decided, we are bound by Supreme Court precedent. See Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484 (1989) (directing lower courts "to follow [a] case which directly controls," even if reasoning has been called into question, "leaving to [Supreme] Court the prerogative of overruling its own decisions"). No different conclusion is warranted because Jacobson was decided over a century ago, or because the disease there at issue—smallpox—has been effectively eradicated in this country. Indeed, the Supreme Court continues to cite approvingly to Jacobson. See Cruzan ex rel. Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261, 278 (1990) (referring to Jacobson's ruling that "protected liberty interest in refusing unwanted medical treatment" yielded to "State's interest in preventing disease").

3.    Right to Counsel

The Caviezels maintain that the district court erred in dismissing for lack of standing their claim that the form used by the New York State Education Department in assessing vaccination exemption requests chilled their right to utilize counsel by directing them to describe their objection to vaccination "in [their] own words." J.A. 43. See generally Baywood Elec. Corp. v. N.Y. State Dep't of Labor, 232 A.D.2d 553, 554, 649 N.Y.S.2d 28, 29 (2d Dep't 1996) (commenting that due process affords party to administrative hearing "opportunity to be represented by counsel"). On de novo review, see Fuentes v. Bd. of Educ., 540 F.3d 145, 148 (2d Cir. 2008), we affirm the standing dismissal for the same reason given by the district court: The Caviezels retained counsel in 2007 and admittedly

utilized that counsel in drafting their exemption request.  Thus, they fail to allege a cognizable Article III injury, a conclusion that obtains notwithstanding the Caviezels' speculation that their use of counsel could have played a role in the exemption denial.  See generally Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (stating that alleged injury must be "actual or imminent" rather than "conjectural or hypothetical" to support standing (internal quotation marks omitted)).[2]

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Insofar as the Caviezels submit that their use of retained counsel nevertheless was chilled because they drafted the portion of counsel's letter describing their religious beliefs, the argument verges on frivolous.  The form's request to applicants to describe their religious beliefs in their "own words" obviously is meant to signal that assistance in completing the form is not required, as opposed to being forbidden.