**Martina CAVIEZEL and Andreas Schenk Caviezel, Individually and as Parents and Natural Guardians of CC, Plaintiffs,**

v.

**GREAT NECK PUBLIC SCHOOLS, a/k/a Great Neck Union Free School District; Debbie Shalom, in her capacity as Principal, Parkville School Early Childhood Center; and Dr. Thomas P. Dolan, in his capacity as Superintendent of Schools, New York Department of Education, and David Steiner, in his official capacity as Commissioner of Education, Defendants.**

**No. 10–CV–652 (ADS)(WDW).**

United States District Court, E.D. New York.

Jan. 15, 2014.

Patricia Finn, Attorney P.C., Piermont, NY, By: Patricia Finn, Esq., of Counsel, for the Plaintiffs.

Frazer & Feldman, LLP, Garden City, NY, By: Joseph W. Carbonaro, Esq., of Counsel, for the Defendants Great Neck Public Schools, Debbie Shalom, and Thomas P. Dolan.

New York State Attorney General's Office, Mineola, NY, By: Assistant Attorney General Ralph Pernick, of Counsel, for the Defendants New York State Department of Education and David Steiner.

SPATT, District Judge.

The Plaintiffs Martina and Andreas Schenck Caviezel (the "Plaintiffs") seek a religious-based exemption from a New York State requirement that their child, CC, be immunized from certain communicable diseases before being admitted to public school. Presently pending before the Court is a motion, styled under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b)(6) and the First, Fourth, and Fourteenth Amendments to the United States Constitution, to vacate a July 2011 judgment entered in favor of the Defendants and to reopen discovery. For the following reasons, the motion is denied as untimely.

## I. BACKGROUND

The Court has described the relevant facts of this case in detail in its prior decisions, and familiarity with those facts is assumed. In short, the Plaintiffs are the parents of minor CC. The Plaintiffs sought to enroll CC in public school without first complying with New York State's inoculation requirements, on the ground that the Plaintiffs have a genuine and sincere religious objection to the practice of immunization. Such an exception is available under New York State Public Health Law, Section 2164(9), and, according to the Plaintiffs, also under the Federal Constitution.

The Plaintiffs commenced this case on February 16, 2010. The Court has previously (1) rejected a request by the Plaintiffs for a preliminary injunction, *Caviezel v. Great Neck Public Schools,* 701 F.Supp.2d 414 (E.D.N.Y.2010); (2) dismissed the Plaintiffs' federal claims. *Caviezel v. Great Neck Public Schools,* 739 F.Supp.2d 273 (E.D.N.Y. 2010); and (3) granted summary judgment in favor of the Defendants on the state law claim for a religious exemption under New York Public Health Law § 2164(9). *Caviezel v. Great Neck Pub. Sch.,* 814 F.Supp.2d 209 (E.D.N.Y.2011). A judgment of dismissal was entered in July 2011, and the Plaintiffs appealed.

The Second Circuit affirmed the judgment. 500 Fed.Appx. 16 (2d Cir.2012). The Supreme Court denied a writ of certiorari. —— U.S. ——, 133 S.Ct. 1997, (Mem)185 L.Ed.2d 866 (2013).

On November 27, 2013, the Plaintiffs made the instant motion pursuant to Fed.R.Civ.P. 60(b)(6) to vacate the July 2011 judgment on the ground that events outside this litigation hindered their counsel from vigorously litigating before this Court.

In particular, the Plaintiffs' counsel alleges that, in 2010, her law firm began to experience a series of suspicious business disruptions and cyber-attacks that crippled the firm's data and networks and compromised its information resources. The Plaintiffs' counsel further alleges that, at about the same time, she discovered that the firm's phone communications were being unlawfully intercepted by staff counsel to the New York State Grievance Committee for the Ninth Judicial District, Gloria Anderson, as part of a disciplinary investigation of the Plaintiffs' counsel.

The Defendants counter that the instant motion is untimely given that the complained-of events were known at the time to the Plaintiffs' counsel and to the Plaintiffs. Therefore, the Defendants assert that the Plaintiffs' counsel should have previously apprised the Court of these alleged facts and/or sought to be relieved from this matter. The Plaintiffs' counsel replies that she was not aware of the full facts and circumstances surrounding the "conspiracy" against her until filing this motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 60 provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released

or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

. . .

A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed.R.Civ.P. 60(b), (c)(1).

 Rule 60(b)(6) "is a 'grand reservoir of equitable power to do justice in a particular case[,]' . . . [b]ut that reservoir is not bottomless." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir.2012) (quoting *Matarese v. Le-Fevre*, 801 F.2d 98, 106 (2d Cir.1986)). A party seeking to avail itself of the relief under Rule 60(b)(6) must demonstrate: (1) that "extraordinary circumstances are present[,]" *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir.2012); *see also Stevens*, 676 F.3d at 67 (accord); (2) that "the failure to grant relief would work an extreme hardship on the movant," *ISC Holding*, 688 F.3d at 109; *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir.2009) (accord); and (3) that "the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule [60(b) ]." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986); *see also ISC Holding*, 688 F.3d at 109.

 However, the Court must first consider whether the instant motion, initiated more than two years after the final judgment was entered, was brought "within a reasonable time." As noted above, the parties dispute whether, and to what extent, the Plaintiffs' counsel was on notice of the alleged interference with her law practice.

However, a review of the record indicates that the Plaintiffs' counsel was made aware of some of the disciplinary proceedings as early as February 2012, when she was served with an order to show cause to suspend her law license. Further, in July 2012, the Plaintiffs' counsel commenced a *pro se* federal civil rights action against staff counsel Anderson making some of the same allegations of unlawful conduct by Anderson as she advanced in the motion here. That *pro se* lawsuit was commenced several months before the Second Circuit, in October 2012, affirmed the dismissal of the judgment in the present action. Further, while the Plaintiffs' counsel's reply papers indicate that she did not discover the full circumstances surrounding Anderson's alleged unlawful conduct until filing the instant motion, her affidavit in support of the motion suggests that her firm discovered, as early as 2010 or 2011, that its telephone communications were being intercepted. (Finn Affid., at ¶ 8.).

Notwithstanding the above earlier events which form the basis of this motion, the Plaintiffs' counsel did not make this motion until November 2013. Under these circumstances, the Court finds that the Plaintiffs' counsel failed to bring the instant motion "within a reasonable time" and, therefore, denies the motion as untimely. *Truskoski v. ESPN*, 60 F.3d 74, 77 (2d Cir.1995) (finding petitioner did not seek Rule 60(b)(6) relief within "a reasonable time" where the motion was made 18 months after entry of judgment); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir.1983) (holding one-year delay from date judgment was entered unreasonable under Rule 60(b)(6)); *Rivers v. United States*, 08–CV–3747 (FB), 2012 WL 6086884, at *1 (E.D.N.Y. Sept. 14, 2012) ("the motion is untimely because Rivers waited more than two and a half years after the Court's decision before seeking relief."); *Fustok v. Conticommodity Services Inc.*, 122 F.R.D. 151, 158 (S.D.N.Y.1988), *aff'd*, 873 F.2d 38 (2d Cir.1989) (noting that a two-year delay was unreasonable).

 In any event, the Plaintiffs' counsel fails to sufficiently plead, beyond a conclusory fashion, a connection between the disciplinary proceedings and her failure to vigorously litigate this lawsuit. Had counsel felt unable to proceed with this matter, she should have alerted the Court at the time and/or sought to be relieved as counsel. Finally, the fact that, in December 2012, the Appellate Division denied the application to suspend counsel's law license does not absolve counsel's burden here to adequately plead a reason justifying relief from a judg-

ment of this Court under Fed.R.Civ.P. 60(b)(6).

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiffs' motion pursuant to Fed.R.Civ.P. 60(b)(6) to vacate the July 2011 judgment is denied as untimely.

**SO ORDERED.**