Bert B. Lockwood, J.
This is a motion for summary judgment. The defendant board on April 19, 1960 passed the following resolution: “ Resolved, that any child entering the school system, either transferring in or entering kindergarten or first grade, effective September 1960, must present a certificate of vaccination against smallpox.” The plaintiff refuses to permit his five-year-old son to be vaccinated against smallpox because he does not believe in vaccinations and believes them to be detrimental to the health of his children. No medical or other proof has been submitted by the plaintiff to substantiate the plaintiff’s belief. The defendants have refused and still refuse to permit plaintiff’s infant son from attending school until a certificate of vaccination against smallpox has been presented. Section 2130 of the Public Health Law provides that a child who has not been vaccinated against smallpox shall not be admitted or received into a school in a city having a population of 50,000 or more inhabitants. Said section of the Public Health Law also provides if smallpox exists in any other city or school district, or in the vicinity thereof, and the Commissioner of Health shall so certify in writing to the school authorities, then it becomes the duty of such school authorities to exclude all children not vaccinated.
The above sections are mandatory and must be complied with. It is the contention of the plaintiff that, without an act of the Legislature, the defendant board is without authority to require such vaccinations.
The defendant board contends that smallpox is an acute and highly contagious disease necessitating strict measures of treat *1040 ment and control; and that compulsory inoculation against the germ is the most effective means of preventing an outbreak of the disease; that the defendant school district contains an area of 77% square miles of dairy farming land and that medical history of smallpox indicates that in the majority of cases, it has its inception in or around dairy farms; that, as late as 1932, there was a serious smallpox epidemic in the City of Fulton, which is embraced in the school district in question, and that the disease is no stranger to the area in question. The defendant board further contends that the said resolution of the board was a proper exercise of its police power to preserve the health, welfare and safety of the children attending school in the district.
Section 200 of chapter 661 of the Laws of 1893, from which section 2130 of the Public Health Law was derived, provided: “No child or person not vaccinated shall be admitted or received into any of the public schools of the state, and the trustees or other officers having the charge, management or control of such schools shall cause this provision of law to be enforced. They may adopt a resolution excluding such children and persons not vaccinated from such school until vaccinated ”.
Vaccination for smallpox is mandatory in the areas and under the circumstances covered by the provisions of section 2130 of the Public Health Law. The fact that the Legislature has not enacted a law requiring all children or persons to be vaccinated against smallpox before being admitted or received into the public schools of this State now raises a question as to whether or not the defendant school board was without authority or the power to pass the vaccination resolution. “ The experience of the race has taught that to protect the health of communities, to protect the health of man, precautions must be taken against the spreading of disease; and vaccination is necessary to prevent not only sickness of the person not vaccinated, but consequences to those with whom such person might come in contact after being attacked and ravaged by the disease which vaccination prevents.” (Matter of Whitmore, 47 N. Y. S. 2d 143, 145.)
Vaccination against smallpox has universal acceptance. As far back as 1914, although relating to the former statute requiring compulsory vaccination of all children admitted to public schools, the Court of Appeals in the case of People v. Ekerold (211 N. Y. 386, 392) stated: “ The question which within certain limits is presented here is whether the statute and the bylaws of the board of education in that city adopted under and in accordance with the statute requiring vaccination as a condition of attending the public schools, are under ordinary con *1041 clitions so unusual or oppressive that a parent should be allowed to make his unwillingness to comply therewith a basis for not sending his children to school, for that is what the present position of the defendant amounts to. I do not think that they are of such a character.” The defendant board, recognizing that smallpox is an acute and highly contagious disease necessitating strict measures of treatment and control, determined it was for the best interests of the children in its school district that vaccination against smallpox be compulsory. To hold that the defendant board was without power or authority to take proper measures to safeguard against an epidemic of smallpox, because smallpox did not already exist in its school district, is unreasonable. This court finds that the resolution passed by the defendant board requiring vaccination was a proper exercise of its authority.
This application is made pursuant to rule 113 of the Rules of Civil Practice and if it appears that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross motion. It is the decision of this court that the defendants are entitled to summary judgment in their favor and the plaintiff’s complaint is dismissed, with costs.