Donald H. Mead, J.
This court has before it a motion for a preliminary injunction in an action seeking a permanent injunction and a declaratory judgment.
Plaintiff, William Maier, is the father of three children who are attending Fabius Central School. They were directed to leave school because they did not have certificates of immunization in compliance with section 2164 of the Public Health Law. A lawsuit was commenced in the United States District Court for the Northern District of New York challenging the exemption provisions of that statute. A decision was rendered directing plaintiff to exhaust State remedies first. (Maier v. Good, 325 F. Supp. 1268.) The children are presently attending school pursuant to the terms of a temporary restraining order which prohibits their exclusion from school, pending a determination of this motion.
Plaintiff father submitted an affidavit in which he avers that because of the religious beliefs of himself and his children “ which are basically similar to those held by Christian Scientists ”, the children have not been innoculated or immunized. He also admits that they are not “ members ” of the Christian Scientist Church. He maintains that it is an unconstitutional infringement upon his rights to force them to join an organized religious body in order to practice their religious beliefs without governmental interference.
Subdivision 8 of section 2164 of the Public Health Law provides: “ This section shall not apply to children \yhose parent, parents, or guardian are bona fide members of a recognized religious organization whose teachings are contrary to the practices herein required, and no certificate shall be required as a prerequisite to such children being admitted or received into school or attending school.”
*243 “ The medical practice of immunization aad vaccination against diphtheria and smallpox has been recognized for many years, and the power of the State* through its legislative body, to make such immunization and vaccinations mandatory for pupils, without exemptions based on religious beliefs or convictions, is valid by constitutional standards as a reasonable exercise of police power. (Jacobson v. Massachusetts, 197 U. S. 11; Zucht v. King, 260 U. S. 174; Sadlock v. Board of Educ. of Carlstadt, 137 N. J. L. 85; Board of Educ. of Mountain Lakes v. Maas, 56 N. J. Super. 245, affd. 31 N. J. 537, cert. den. 363 U. S. 843; Matter of Viemeister, 179 N. Y. 235; People v. Ekerold, 211 N. Y. 386; Matter of Whitmore, 47 N. Y. S. 2d 143; Pierce v. Board of Educ. of City of Fulton, 30 Misc 2d 1039).” (Matter of Elwell, 55 Misc 2d 252, 255-256.)
Nonetheless, the Legislature saw fit not to force immunization and vaccination upon persons where it was contrary to their sincerely followed religious beliefs. (See McCartney v. Austin, 31 A D 2d 370, 371.) It was obviously not the intent of the Legislature to force individuals to join a religious organization in order to practice their, religious tenets freely, but rather to prevent individuals from avoiding this health requirement enacted for the general welfare of society, merely because they oppose such medical procedures on the basis of personal moral scruples or by reason of unsupported personal fears. No doubt the language of subdivision 8 of section 2164 was drafted to safeguard against the claim of exemption by this latter category of persons. (Matter of Elwell, 55 Misc 2d 252, supra; McCartney v. Austin, supra.)
“It has been said that for purposes of the constitutional guaranty of freedom of religion the term ‘ religion ’ has reference to one’s views of his relations to his Creator and to the obligations they impose of ‘ reverence for His being in character, and of obedience to His will ’; it is often confounded with the cultus or form of worship of a particular sect, but is distinguishable from the latter.” (9 N. Y. Jur., Constitutional Law, § 207, citing Davis v. Beason, 133 U. S. 333, among other cases.)
While the court was interpreting a more liberal statute in Kolbeck v. Kramer (84 N. J. Super. 569), the principles discussed therein are equally applicable to this case.
“ There is no right in a state or an instrumentality thereof to determine that a cause is not a religious one. Such a censorship of religion as the means of determining its right to survive is a denial of liberty protected by the First Amendment and included in the liberty which is within the protection of *244 the Fourteenth Amendment. Cantwell v. Connecticut, 310 U. S. 296, 60 S. Ct. 900, 84 L. Ed. 1213 (1940).” (Kolbeck v. Kramer, 84 N. J. Super. 569, 574, supra.)
Clearly, the child of a parent who is a bona fide Christian Scientist may be enrolled and received into school under the statutory exemption. To deny the exemption to a child whose parent conscientiously and honestly believes and practices the teachings and tenets of the Christian Science faith, notwithstanding lack of formal membership in the church, would require a holding that the exemption provision of the statute is unconstitutional. This, the court is reluctant to do in the posture of the present application.
In Matter of Community Synagogue v. Bates (1 N Y 2d 445, 458), Conway, Ch. J., writing for the court, stated “ that a court may not permit a municipal ordinance to be so construed that it would appear in any manner to interfere with the ‘ free exercise and enjoyment of religious profession and worship \” (N. Y. Const., art. I, § 3.) The same logic, where possible, should apply to the court’s construction of a statute.
A statute should be interpreted “so as to preserve its constitutionality ”. (Spahn v. Julian Messner, Inc., 21 N Y 2d 124, 127; Matter of Seitz v. Drogheo, 21 N Y 2d 181, 186.) In Defiance Milk Prods. Co. v. Du Mond (309 N. Y. 537, 540-541), Judge Desmond, with reference to the constitutionality of a statute, noted that: “ The applicable rules of law are well known. Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions (Borden’s Co. v. Baldwin, 293 U. S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends (United States v. Carolene Products Co., 304 U. S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature (Olsen v. Nebraska, 313 U. S. 236, 246). Courts strike down statutes only as a last resort (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367) and only when unconstitutionality is shown beyond a reasonable doubt (Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 79; Matter of Fay, 291 N. Y. 198, 206, 207).”
There does not appear to be any rational basis or legitimate purpose in requiring a person to be a registered member of an organized church as opposed to one who can prove that he genuinely practices and lives his religious tenets in order to qualify for this religious exemption. (Shapiro v. Thompson, 394 U. S. 618, 626.) In fact; the latter could be more sincerely *245 a proponent of a religious faith than the former. Mere church membership or attendance does not guarantee the everyday practice of such religious beliefs. Thus, if the Legislature desires to exempt for religious grounds a certain class of persons, it must do so on a logical and nondiscriminatory basis. (Welsh v. United States, 398 U. S. 333; United States v. Seeger, 380 U. S. 163; United States v. Macintosh, 283 U. S. 605.)
The Trial Justice, upon hearing the sworn testimony and observing the plaintiff, will be in a better position to evaluate the sincerity of plaintiff1’s claimed religious convictions.
Certainly, the interpretation of subdivision 8 of section 2164 urged by defendant is not within the spirit of the exemption. This court holds that if plaintiff can prove at the trial that he has a genuine and sincere religious belief which he actively practices and follows and which is in reality1 substantially similar to the Christian Scientist faith, as he alleges, he will qualify for the exemption under subdivision 8 of section 2164.
Since under the statutory exemption there may presently be enrolled students who have not been vaccinated or immunized, there will be no great prejudice to defendant if plaintiff’s three children are permitted to remain in school until this case is tried. Conversely, however, if these children miss time from their classes until the final outcome of a trial, they may suffer serious consequences which could even result in having to repeat a grade, Therefore,, the preliminary injunction is granted.