■ DERRICK L. BOWDEN et al., Respondents, v IONA GRAMMAR SCHOOL et al., Appellants, et al., Defendants. [726 NYS2d 685] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Iona Grammar School and John D. Dugan, C.B.C., appeal from so much of an order of the Supreme

Court, Westchester County (Cowhey, J.), entered July 5, 2000, as granted the plaintiffs' motion for a preliminary injunction, and denied those branches of their cross motion which were to dismiss the first, second, third, seventh, and eighth causes of action in the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was admitted to kindergarten at the defendant Iona Grammar School (hereinafter Iona) and started attending classes on September 13, 1999. Beginning September 21, 1999, Iona refused to allow him to attend classes because he had not received the immunizations required by Public Health Law § 2164. The plaintiffs claimed a religious exemption from the immunization requirements as authorized by Public Health Law § 2164 (9). In support of their request for an exemption, they submitted, among other things, a sworn statement indicating that they were members of the Temple of the Healing Spirit, a religion which is opposed to immunizations, blood transfusions, and certain other medical procedures, and a letter from their pastor. The appellants rejected their request on the ground that the plaintiffs were not members of "a bona fide recognized religious organization."

Public Health Law § 2164 (9) provides: "This section shall not apply to children whose parent, parents, or guardian hold genuine and sincere religious beliefs which are contrary to the practices herein required, and no certificate [of immunization] shall be required as a prerequisite to such children being admitted or received into school or attending school."

Contrary to the appellants' contention, the religious exemption set forth in Public Health Law § 2164 (9) is applicable to a private or parochial school, such as Iona (see, Public Health Law § 2164 [1] [a]). Further, the plaintiffs may assert a cause of action to enforce their right to a religious exemption under the statute (see, Brown v City School Dist., 104 Misc 2d 796, affd 83 AD2d 755; Maier v Besser, 73 Misc 2d 241; Berg v Glen Cove City School Dist., 853 F Supp 651). The fact that the statute does not specifically authorize such a cause of action is not determinative. The statute provides that a decision prohibiting a child from attending school may be reviewed by the Commissioner of Education (see, Public Health Law § 2164 [7] [b]). An appeal to the Commissioner, however, is not mandatory and is not the exclusive means of review (see, Matter of Forrest v Ambach, 93 AD2d 965).

The Supreme Court properly granted the plaintiffs' motion for a preliminary injunction. The plaintiffs established a likeli-

hood of success on the merits. In denying the plaintiffs a religious exemption on the ground that they were not members of a recognized religious organization, the appellants disregarded the statutory criteria and applied the standard set forth in the former version of Public Health Law § 2164 (9) which was held to be unconstitutional (*see, Matter of Sherr v Northport-East Northport Union Free School Dist.,* 672 F Supp 81) and was subsequently eliminated by the Legislature when it amended section 2164 to substitute a requirement of genuine and sincere religious beliefs for that of bona fide membership in a recognized religious organization (*see,* L 1989, ch 538, § 3). Applying the proper standard, it appears, as the Supreme Court found, that the plaintiffs' opposition to immunization stems from genuinely-held religious beliefs. Notably, the New Rochelle City School District informed the plaintiffs that the infant plaintiff would in all likelihood qualify for a religious exemption if he attended public school.

Further, the loss of First Amendment freedoms may constitute irreparable injury (*see, Berg v Glen Cove City School Dist., supra,* at 654). Consequently, a preliminary injunction was properly granted (*see, Berg v Glen Cove City School Dist., supra*).

The appellants' remaining contentions are without merit. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.