**Lynn C. FRIEDMAN, Individually and as Parent and Natural Guardian of her Minor Child, Luke Alexander Friedman, Plaintiffs–Appellants,**

v.

**CLARKSTOWN CENTRAL SCHOOL DISTRICT; William B. Heebink, Ph. D., in his individual and official capacity as Superintendent of School; and Antonia C. Novella, in her official capacity as Commissioner of the New York State Department of Health, Defendants–Appellees.**

No. 02–9189.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2003.

Joel Oster, Liberty Counsel (Mathew D. Staver, Erik W. Stanley, Anita L. Staver, Rena M., Lindevaldsen, Brian Raum, on the brief), Longwood, FL, for Plaintiff–Appellant.

Sachin S. Pandya, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, on the brief), New York, NY, for Defendant–Appellee Antonia C. Novello.

Steven Verveniotis, Miranda & Sokoloff, LLP, Mineola, N.Y. (Warren E. Berbit, Lexow, Berbit & Associates, P.C., Suffern, NY, on the brief), for Defendants–Appellees Clarkstown Central School District and William B. Heebink.

Present: NEWMAN, CARDAMONE, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff Lynn Friedman appeals from a judgment of the United States District Court for the Southern District of New York (Stein, J.) entered on August 30, 2002, dismissing her claims against the Clarkstown School District, Superintendent Heebink, and Commissioner Novella alleging violations of the Free Exercise Clause, the Establishment Clause, the Equal Protection Clause and N.Y. Public Health Law § 2164(9), arising out of the District's denial of plaintiff's application for a religious exemption to mandatory immunization for her school-aged son. Following a preliminary injunction hearing, the district court held that plaintiff was not entitled to the exemption under § 2164(9) because she did not have a sincerely held religious objection to immunization; the court dismissed plaintiff's constitutional challenges to the religious exemption application process, and to the New York regulation allowing individual school districts discretion to determine

what documentation to request, for failure to state a claim.

On appeal, plaintiff argues that this regulation, N.Y. Comp.Codes R. & Regs. tit. 10, § 66–1.3(d), and its implementation as applied to her child, violate the Establishment Clause, the Free Exercise Clause, and the Equal Protection Clause by giving unfettered discretion to school officials to determine what documentation to request, and to determine whether that documentation showed the applicant's religious objection to immunization. With respect to the District defendants, she argues that the district court erred in holding that she did not hold sincere and genuine religious beliefs contrary to immunization and that the application of the exemption in her case was unconstitutional.

We ordinarily review a district court's denial of a preliminary injunction for abuse of discretion. Such an abuse occurs when the district court bases its ruling on an incorrect legal standard or on a clearly erroneous assessment of the facts. *See Fun–Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 999 (2d Cir.1997). In contrast, we review *de novo* the district court's grant of the motions to dismiss the claims challenging the constitutionality of the Regulation and the equal protection, free exercise and establishment claims against the District. *Levy v. Southbrook Int'l Investments, Ltd.*, 263 F.3d 10, 14 (2d Cir.2001).

■ Plaintiff argues that the district court erred in holding that she was not entitled to the exception under § 2164(9) because she has sincerely held religious beliefs that are contrary to immunization. She claims both that she is entitled to the exemption under the plain language of the New York regulation, and also that in her particular case, the application of the regulation by Superintendent Heebink violated the constitution by engaging in an inquiry that involved the state in determining matters of religious belief. While she does not argue that the Free Exercise Clause requires New York to offer a religious exemption to immunization, she contends that if New York chooses to do so, it must be done constitutionally.

This Circuit repeatedly has emphasized "the limited function of the judiciary in determining whether beliefs are to be accorded first amendment protection." *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir.1984); *accord id.* ("It cannot be gainsaid that the judiciary is singularly ill-equipped to sit in judgment on the verity of an adherent's religious beliefs. Mindful of this profound limitation, our competence properly extends to determining 'whether the beliefs professed by a [claimant] are sincerely held and whether they are, in his own scheme of things, religious.'" (quoting *United States v. Seeger*, 380 U.S. 163, 185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965))); *Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir.1999) ("In determining whether a [person's] particular religious beliefs are entitled to free exercise protection, the relevant inquiry is not whether, as an objective matter, the belief is 'accurate or logical.'" (quoting *Jolly v. Coughlin*, 76 F.3d 468, 476 (2d Cir.1996))). "While it is a delicate task to evaluate religious *sincerity* without questioning religious *verity*, our free exercise doctrine is based upon the premise that courts are capable of distinguishing between these two questions." *Jolly*, 76 F.3d at 476.

■ The district court found that plaintiff did not have a sincerely held religious objection to immunization, and concluded instead that while plaintiff might be a religious person, and was clearly opposed to immunization, the requisite nexus between the objection to immunization and plaintiff's religious beliefs—if any—had not been shown. After a full review of the

record, we agree with the district court's conclusion that plaintiff's objection to immunization has not been proven to be based on her religious beliefs. We note particularly, as did the district court, evidence that plaintiff never described her religious beliefs as the basis for her refusal to immunize to her son's pediatricians, her lack of forthrightness in answering the questions of the superintendent and the district court about the basis for her objections, and the changing nature of her objections over the course of this litigation. While we recognize that religious beliefs may develop over time and that people may transgress religious beliefs that are nonetheless sincerely held, the record in this case suggests to us that plaintiff does not in fact hold religious objections to immunization, and we find no basis to disturb the district court's findings on this question. We further hold that this analysis does not run afoul of the fine line between the constitutionally permissible inquiry into the sincerity of beliefs and the unconstitutional assessment of the objective truthfulness of those professed beliefs.[1]

■ Plaintiff's equal protection challenges to the regulation and the district's implementation of the regulation are similarly unavailing. Plaintiff also challenges the regulation under the Equal Protection Clause, arguing that the lack of standards in the regulation allowing unfettered discretion to the individual districts has resulted in unequal treatment of religious beliefs in different school districts. She also argues that the District's policy of requiring individualized questionnaires results in unequal treatment.[2]

■ As the district court noted, plaintiff's equal protection claims fail because she nowhere alleges that she was treated differently from any other similarly-situated applicant. Cf. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Although now plaintiff argues that she should be allowed to amend her complaint to include allegations that different districts apply a different standard, the Commissioner clearly has a rational basis for allowing individual school districts the autonomy to determine how to implement the regulations in light of the varying populations that live within different districts and the consequential variations in local health concerns. See *Catlin v. Sobol*, 93 F.3d 1112, 1120 (2d Cir.1996) ("we will uphold the statute [on rational basis review] as long as it is rationally related to a legitimate state interest"). Thus, amendment would be futile. As to the claims against the District, plaintiff has not alleged that the superintendent

---

1. In so holding, we recognize that some of the language used in the district court's opinion to describe plaintiff's beliefs might suggest that the court below crossed that line. We do not agree, and conclude that notwithstanding the court's statements that "[t]he Court can find no consistent organizing principle in plaintiff's positions," and that "Dr. Friedman's stated religious belief that is the basis for her opposition to immunization ... is not a religious based belief in that it does not permeate her life demonstrating that it is her 'ultimate concern' "—statements that otherwise might give us some pause—the district court's analysis ultimately focused on the proper question of whether plaintiff held the beliefs she professed to hold. Our agreement with the district court's conclusions regarding plaintiff's credibility on this limited inquiry should not be read as suggesting that we find plaintiff's beliefs illogical or inconsistent.

2. Plaintiff conceded at oral argument that her facial challenges to the regulation failed because nothing in the practice of allowing discretion necessarily means that this discretion will be exercised in an unconstitutional manner. See *Rent Stabilization Ass'n of City of N.Y. v. Dinkins*, 5 F.3d 591, 595 (2d Cir.1993) ("Following the Supreme Court, we have stated that a facial challenge must establish that *no set of circumstances* exists under which the [challenged a]ct would be valid." (citations and internal quotation marks omitted, emphasis and alterations in original)).

treats any applicant for the exemption any differently than plaintiff herself was treated. There is nothing necessarily unequal about requiring the completion of an individual questionnaire; nor is there any allegation that Heebink does not apply the same standard to everyone, even if he requires different documentation to support the claim under the exemption. Accordingly, the district court did not err in dismissing these claims.

 Finally, we hold that the district court properly dismissed plaintiff's free exercise and establishment clause challenges. As noted above, the superintendent did not violate the constitution by asking plaintiff to submit documentation describing the basis for her objections to immunizations. Nor can the regulation itself be said to burden the free exercise of religion, inasmuch as it contains an express exemption for sincerely held religious objections to immunization.

We have fully considered plaintiff's remaining arguments and find them without merit. The district court's judgment is therefore AFFIRMED.