Matter of Shmuel G. (2004 NY Slip Op 50602(U))

[*1]

Matter of Shmuel G.

2004 NY Slip Op 50602(U)

Decided on June 21, 2004

Family Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2004

Family Court, Kings County
In the Matter of SHMUEL G. AND ESTHER G., 
 Children under the Age of Eighteen Alleged to be Neglected by RIVKA G. Respondent.
N-1132-3/02

Ian Sangenito, Esq., for petitioner, Division of Legal Services, Administration for Children's Services, 345 Adams Street, 8th Floor, Brooklyn, New York 11201
Hillary Chacker, Esq., as law guardian, Children's Law Center, 44 Court Street, 11th Floor, Brooklyn, New York 11201
Mark Brandys, Esq., for respondent, 26 Court Street, Suite 1215, Brooklyn, New York 11242

Bryanne A. Hamill, J.
Procedural Background
On February 21, 2003, after having conducted a fact-finding hearing, this Court found that respondent mother had neglected the subject children by virtue of her mental illness, excessive corporal punishment, and inadequate guardianship and supervision, pursuant to section 1012(f) (i) (B) of the Family Court Act. By disposition entered on June 24, 2003, this Court placed the respondent mother under supervision with Administration for Children's Services (hereinafter "ACS") for a period of twelve months, including direction to participate in psychotherapy, and [*2]placed the children, ages 15 and 10, in the custody of ACS with the current foster care agency, Ohel Children's Home and Family Services, a Jewish foster care agency.
On December 9, 2003, during compliance review before this Court's referee, ACS orally requested a court order authorizing the foster care agency to inoculate the subject foster care children, contrary to the wishes of respondent mother. Eventually, the matter was scheduled for a hearing before this Court, with direction to file trial briefs. The respondent thereafter filed the instant motion to dismiss ACS's oral application, based upon religious exemption, as well as a trial brief. ACS and the law guardian filed affirmations in opposition, requesting the evidentiary hearing be held to determine if the mother qualifies for a religious exemption to the immunization requirement under New York Public Health Law §2164(9), as well as trial briefs.
In moving papers, mother opposes her son's inoculation, claiming a recognized religious exemption to the inoculation requirement. In support of this claim, respondent produced a letter, dated November 17, 1993, issued by the New York City Department of Health (hereinafter "DOH") Immunization Committee, to Beth Jacob Day Care Center, which granted her the religious exemption pursuant to Public Health Law §2164(9) for her daughter "based on the parent's expressed religious practices and philosophy." Also attached were papers supporting her religious conviction, including passages from the Torah reciting dietary restrictions, and her handwritten, undated statement that vaccinations often contain or are derived from substances that the Jewish laws forbid be ingested. The respondent failed to submit an affidavit stating, inter alia, her relevant religious beliefs, the circumstances surrounding the issuance of the DOH letter in 1993, whether her older children have been immunized, and the reason for opposing only her son's inoculation. Respondent maintains that since New York City's Department of Health has already granted her the exemption, this Court is bound by the decision of the administrative agency and must deny ACS's application. In the alternative, respondent claims that the DOH letter alone has satisfied a prima facie showing to qualify for the religious exemption, pursuant Public Health Law §2164(9).
ACS and the law guardian, in their opposition papers and trial briefs, challenge her basis for opposition, by showing, inter alia, the following: (a) respondent mother appears to object only to the immunization of her son, not daughter; and (b) her opposition to immunization may stem more from medical grounds rather than from sincerely held religious beliefs (e.g. during a Service Plan Review conference on November 17, 2003, the mother allegedly expressed to an Ohel caseworker supervisor that she opposed vaccination because she heard on the radio that it could be dangerous for her children to be immunized). The law guardian states that respondent's daughter now wishes to be vaccinated.
On June 1, 2004, the Court heard oral argument, and reserved decision until today.
Discussion
The first issue is whether the Department of Health letter, dated November 11, 1993, granting a religious exemption to the immunization requirement for mother's daughter, requires this Court to deny ACS's instant application to immunize both children without holding a hearing. If not, the issue becomes whether the submitted Department of Health letter is sufficient, as a matter of law, to establish a prima facie showing for a religious exemption to the immunization requirement.
New York Public Health Law §2164 mandates parents or guardians immunize children between the ages of two months and eighteen years against poliomyelitis, mumps, measles, diphtheria, rubella, varicella, Haemophilus influenzae type b and hepatitis B. However, the [*3]legislature has set forth a religious exemption to this requirement under §2164(9) which states:

[Section 2164] shall not apply to children whose parent, parents, or guardian hold genuine and sincere religious beliefs which are contrary to the practices herein required, and no certificate shall be required as a prerequisite to such children being admitted or received into school or attending school.
Before this Court can decide the issues, this Court considers the policy considerations and standards enunciated in the decisional law interpreting the relevant statutes. Religious freedom guaranteed by the First Amendment to the Constitution of the United States "cannot be absolute in a society continually striving to achieve the proper balance between the liberties of its individual members and the shared needs of the community at large." Sherr v. Northport-East Northport Union Free School District., 672 F.Supp. 81, 83 (E.D.N.Y. 1987). The state has a reasonable interest in protection against the spread of disease, the premise underlying New York's Public Health Law §2164 mandatory vaccination requirement under which every child must be vaccinated before attending school. In order to afford parents who held religious convictions opposing vaccination, the law sets forth a religious exemption under Public Health Law §2164(9). However, the "legislature established a strict religious exemption to §2164 in order to prevent individuals from avoiding this health requirement merely because they oppose such medical procedures on the basis of personal moral scruples or by reason of unsupported personal fears." (internal quotations omitted) Mason v. General Brown Cent. School Dist., 851 F.2d 47, 52 (2d Cir. 1988).
In order to qualify for the exemption from New York State's mandatory vaccination program under Public Health Law §2164(9), a parent must demonstrate not only a religious belief against inoculation but that the espoused belief is genuinely and sincerely held. Courts draw a distinction between genuine and sincerely held religious beliefs, warranting the immunization exemption, as opposed to opposition based upon medical, health related or purely moral considerations, scientific or secular theories, or philosophical and personal beliefs for which the exemption can not be granted. Farina v. Board of Educ. of City of New York, 116 F.Supp.2d 503 (S.D.N.Y 2000). The parent has the burden of showing, by a preponderance of the evidence, their religious conviction by demonstrating simply that they are members and conform to the practices of an organized religious group whose teachings preclude immunization or that their opposition to immunization is a personal and sincerely held religious belief. See Mason, 851 F.2d at 50. It is constitutionally permissible to inquire into the sincerity of beliefs, but not to assess the objective truthfulness of those professed beliefs. Friedman v. Clarkstown Central School District, 75 Fed.Appx. 815, 819 (2d Cir. 2003). Therefore, the court has the delicate task of evaluating the religious sincerity, not the religious verity, of the belief in order to determine if the requisite nexus between the opposition to immunization and the parent's religious belief exists. Id. at 818.
Several factors must be considered in determining the sincerity of a parent's religious conviction. "The threshold question of sincerity which must be resolved in every case is, of course, a question of fact." Sherr, 672 F.Supp. at 94. In determining if the belief is religious, the U.S. Supreme Court has held that the belief need not be premised in the Western theology of "God" but that the "test of belief 'in relation to a Supreme Being' is whether a given belief that is sincere and meaningful occupies a place in the life of its possessor." United States v. Seeger, [*4]380 U.S. 163, 165-166 (1965). In addition, the Second Circuit has added that "a touchstone of a religion is the believer's categorical disregard [of] elementary self-interest in preference to transgressing [the religion's] tenets." (internal quotations omitted) United States v. Allen, 760 F.2d 447, 450 (2d Cir., 1985).
Once a religious belief is founded, an inquiry must be made into the sincerity of the belief. In determining whether the belief is sincerely held, the trial court must rely heavily upon its ability to assess the demeanor of the witness in order to weigh the credibility of the claim. See In Re Christina M., 157 Misc.2d 4, 21 (Fam. Ct. Kings County, 1992).
Courts have denied the application for religious exemption to the immunization mandate. In Christina M., the court determined that the respondents did not hold a sincere religious belief, because the other children in the family had been vaccinated, the parents' concern was primarily about the health risks and side effects of the vaccine, and religion seemed to just be a veil. Id. at 9-10, 20. In Farina, with inconsistent testimony, the opposition to vaccination seemed more rooted in the child's physical, not spiritual, well being. Although the parents offered quotations from Biblical text to support their belief, the court determined that the respondent father conducted research to write their letter for the exemption and, in effect, his evidence was not a real expression of religious belief. Farina, 116 F.Supp.2d at 508, 510-512. In Sherr, the court did not grant the religious exemption to vaccination to parents who acted solely to get the exemption by paraphrasing statements to appear religious, and yet consented to other medical techniques they would otherwise be opposed to, according to their purported beliefs. Sherr, 672 F.Supp. at 96.

Under certain circumstances, courts have granted the religious exemption. In Sherr, another petitioner was granted the exemption because they had researched the religious tenet for years and not just to receive an exemption; their beliefs pervaded their whole way of life; they joined a religious group whose tenet professes against vaccination; and most importantly, their demeanor in court conveyed a sincere, deeply held religious belief demonstrating that at the heart of their opposition was a religious foundation. Id. at 94, 96-97. In Berg, the parents offered religious text to support their conviction, which did not conform to the traditional concept of Judaism, but they adhered to their own concept of Judaism through their own interpretation of passages and proved that they practiced these beliefs for approximately six years, including in medical and dental care. Berg v. Glen Cove City School District, 853 F.Supp. 651, 655 (E.D.N.Y. 1994).
In the instant case, respondent mother asserts that the granting of a religious exemption by the DOH in 1993 bars this Court from deciding whether or not she now holds a sincere religious belief necessary for the exemption to mandatory immunization, based upon the doctrine of res judicata. In order for the doctrine of res judicata to apply, three essential elements need to be satisfied: (1) an earlier decision on the issue, (2) a final judgment on the merits, and (3) the involvement of the same parties, or parties in privity with the original parties. Black's Law Dictionary (West 8th Ed. 2004). The doctrine of res judicata is applicable to quasi-judicial determinations of administrative agencies, provided, inter alia, that the agency has such authority and renders the determination employing judicial-like procedures. Ryan v. N.Y. Telephone Co., 62 NY2d 494, 499 (1984). Furthermore, in determining whether the court is bound by the administrative agency's decision, "[t]he question for the court is not whether it agrees with the decision of the [administrative agency], but whether the decision finds support in the administrative record require[ing] a narrow, careful and searching review." New [*5]York v. Evans, 162 F.Supp.2d 161, 166 (E.D.N.Y. 2001).
Here, respondent presents no evidence whatsoever of the circumstances surrounding the 1993 DOH's determination, including: (1) whether the mother submitted an affidavit of her religious beliefs with a factual basis upon which the DOH could conclude the sincerity of such beliefs, (2) whether the DOH employed judicial-like procedures, and (3) whether ACS was a party. Mother failed to submit any documentation showing a previously granted religious exemption for her son. Although respondent has attached text from the Torah to support that vaccination would be counter to her religious belief, "repetition verbatim of boilerplate religious sentiments and biblical quotations" are not sufficient on its own to establish a sincerely held religious belief. Farina, 116 F.Supp.2d at 512. When there is absence of substantial evidence to sustain a judgment and determination of an administrative agency, the court is not bound by it. "[S]ubstantial evidence is a question of law to be decided by the court [I]nsufficient evidence is, in the eyes of the law, no evidence [A]n administrative board may draw inferences from its findings of fact [However, w]hether or not the particular facts established logically permit the inference to be drawn is a question of law well within the province of the reviewing court." Sedita v. Kissinger, 66 A.D.2d 357, 360-361 (2nd Dept. 1979).
Inasmuch as the respondent mother presented limited unsworn, documentary evidence regarding her religious beliefs with absolutely no evidence demonstrating the circumstances of the 1993 DOH determination, this Court holds that it is not bound today by the 1993 DOH determination. Thus, the respondent's motion to dismiss ACS's application based on the doctrine of res judicata must be denied.
In the alternative, respondent mother claims that the DOH letter is sufficient, as a matter of law, to constitute a prima facie showing of her sincerely held religious belief. However, insofar as she has failed to submit an affidavit stating her religious beliefs with a factual basis upon which this Court can conclude such, coupled with the lack of information regarding the circumstances surrounding the issuance of the DOH letter, this Court declines the mother's implicit request to make assumptions and draw inferences to make the necessary findings based upon her papers alone. Thus, she has failed to establish a prima facie showing of possessing a sincerely held religious belief necessary to qualify for the religious exemption to the immunization requirement.
Accordingly, respondent's motion to dismiss ACS's instant application to immunize her children without holding a hearing, or, in the alternative, to find that she has established a prima facie showing for the immunization exemption, is hereby denied. This Court will conduct an evidentiary hearing to determine if the respondent qualifies for a religious exemption, pursuant to New York Public Health Law §2164(9). At the hearing, the burden rests on the respondent to show, by a preponderance of the evidence, that she qualifies for the religious exemption.
This constitutes the decision and Order of this Court.
Dated: Brooklyn, New York
June 21, 2004
________________________________
HON. BRYANNE A. HAMILL
Judge of the Family Court